J. S76012/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JARIB POSTON, | : | No. 632 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 17, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0009366-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　**FILED FEBRUARY 10, 2015**

Jarib Poston appeals from the judgment of sentence of March 17, 2014, following his guilty plea to one count each of simple assault, recklessly endangering another person ("REAP"), terroristic threats, and endangering the welfare of a child.  We affirm.

The trial court has set forth the underlying facts of this matter as follows:

> At the time [appellant] entered his guilty plea, he acknowledged his guilt at all charges and he acknowledged that he assaulted Lundon Minniefield by choking her, pulling her to the floor by her hair and striking her in the face with the butt end of a shotgun.  At the time of the attack, Ms. Minniefield was holding her child.  [Appellant] is the father of the child.[1]  [Appellant]'s mother reported that she

---

[1] The child was only three days old at the time of the incident.  (Notes of testimony, 12/17/13 at 8.)

was present during the incident and she attempted to stop the attack by jumping on [appellant]'s back. Various witnesses reported seeing the attack and observing [appellant] point the shotgun at Ms. Minniefield. They all indicated that [appellant] went outside the residence where the attack occurred and observed [appellant] discharge one round into a hillside and threaten to kill Ms. Minniefield. Ms. Minniefield obtained a Protection From Abuse order against [appellant].

Despite acknowledging his guilt at time of his guilty plea, [appellant] denied pointing the shotgun at Ms. Minniefield or striking her with the butt end of the shotgun during his presentence interview.

Trial court opinion, 7/18/14 at 2.

On December 17, 2013, appellant entered an open guilty plea to the above charges. The trial court rejected a plea agreement whereby appellant would serve 3 to 6 months' incarceration, finding that it was not commensurate with the seriousness of the offenses. On March 17, 2014, appellant appeared for sentencing. The trial court imposed a sentence of 11½ to 23 months' incarceration at count 4, terroristic threats, with no further penalty at the remaining counts. Appellant was also to serve 3 years of consecutive probation. Appellant's sentence was beyond the aggravated range of the sentencing guidelines. A timely post-sentence motion to reconsider sentence was filed on March 18, 2014, and denied on March 20, 2014. A timely notice of appeal was filed on April 17, 2014. Appellant complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

Appellant has raised the following issue for this court's review, challenging the discretionary aspects of his sentence:

> I. Did the trial court abuse its discretion in sentencing [appellant] outside of the sentencing guidelines without providing a contemporaneous written statement of the reason or reasons for the deviation from the guidelines, in violation of 42 Pa.C.S. § 9721(b)?

Appellant's brief at 6.

> A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super.2001)[,] *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). When challenging the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987); 42 Pa.C.S.A. § 9781(b); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" *Commonwealth v. Williams*, 386 Pa.Super. 322, 562 A.2d 1385, 1387 (1989) (*en banc*) (emphasis in original).

*Commonwealth v. McNear*, 852 A.2d 401, 407-408 (Pa.Super. 2004).

In his Pa.R.A.P. 2119(f) statement and also in the argument section of his brief, it is clear that the gist of appellant's argument is that the trial court

failed to reference the applicable guideline ranges at sentencing. (Appellant's brief at 18, 21.) As the Commonwealth observes, this issue was not raised at sentencing or in appellant's post-sentence motion. Rather, in his motion to reconsider sentence, appellant argued only that his sentence was excessive in light of various mitigating factors, including his age, lack of a prior criminal record, his strong family support system, the fact he is taking classes at jail towards earning his G.E.D., *etc*. (Docket #10.) Nowhere did appellant contend that the trial court failed to consider the guidelines or provide a contemporaneous written statement of the reason or reasons for deviating from the guidelines. As such, the issue is waived. ***See Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa.Super. 2007), ***appeal denied***, 936 A.2d 40 (Pa. 2007) ("an appellant can seek to appeal discretionary sentencing issues only after preserving them during the sentencing hearing or in post-sentence motions"), citing ***Commonwealth v. Malovich***, 903 A.2d 1247, 1250 (Pa.Super. 2006); ***Commonwealth v. Hyland***, 875 A.2d 1175, 1183 (Pa.Super. 2005), ***appeal denied***, 890 A.2d 1057 (Pa. 2005) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.") (citations omitted).

To the extent appellant argues that the trial court failed to articulate sufficient reasons, on the record, for its upward departure from the

guidelines, he raises a substantial question for our review. ***See***, ***e.g.***, ***Commonwealth v. Griffin***, 804 A.2d 1, 8 (Pa.Super. 2002), ***appeal denied***, 868 A.2d 1198 (Pa. 2005), ***cert. denied***, 545 U.S. 1148 (2005), citing ***Commonwealth v. Eby***, 784 A.2d 204 (Pa.Super. 2001) ("[T]he sentencing judge must state of record the factual basis and specific reasons which compelled him or her to deviate from the guideline ranges. When evaluating a claim of this type, it is necessary to remember that the sentencing guidelines are advisory only."); ***Commonwealth v. Rodda***, 723 A.2d 212, 214 (Pa.Super. 1999) (***en banc***), quoting ***Commonwealth v. Wagner***, 702 A.2d 1084, 1086 (Pa.Super. 1997) ("Where the appellant asserts that the trial court failed to state sufficiently its reasons for imposing sentence outside the sentencing guidelines, we will conclude that the appellant has stated a substantial question for our review.").

However, the record belies such a claim.

> When the sentence imposed is outside the sentencing guidelines, moreover, the court must provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. This requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence.

***Commonwealth v. Widmer***, 667 A.2d 215, 223 (Pa.Super. 1995), ***reversed on other grounds***, 689 A.2d 211 (Pa. 1997) (citations and quotation marks omitted).

It is clear from the record that the trial court did not find appellant's self-serving explanations for his conduct to be credible and that he did not take responsibility for his criminal behavior. (Notes of testimony, 3/17/14 at 14-15.) The trial court observed that although he pled guilty, appellant continued to dispute what happened, including the version of events as recounted by three different eyewitnesses. (*Id.* at 5-6.) The trial court did not believe appellant's explanation that he accidentally struck the victim with the butt end of his shotgun and accidentally discharged the gun when he was trying to unload it. (*Id.* at 11.) The trial court found that appellant's conduct was "outrageously dangerous" and that he was not accepting full responsibility. (*Id.* at 4, 16.) Therefore, the trial court did put reasons on the record justifying an upward deviation from the sentencing guidelines.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015