J-S17041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON MICHAEL CAFEO | |
| Appellant | No. 1751 WDA 2014 |

Appeal from the Judgment of Sentence June 18, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000008-2013

BEFORE: GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 1, 2015**

Appellant, Brandon Michael Cafeo, appeals *nunc pro tunc* from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his guilty plea to two (2) counts of aggravated assault, four (4) counts of recklessly endangering another person ("REAP"), one (1) count each of retail theft, receiving stolen property, resisting arrest or other law enforcement, and fleeing or attempting to elude police officer, and two (2) counts of accidents involving damage to attended vehicle or property.[1] We affirm.

The relevant facts and procedural history of this case are as follows.

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(2), 2705, 3929(a)(1), 3925, 5104; 75 Pa.C.S.A. §§ 3733, 3743, respectively.

_____

*Former Justice specially assigned to the Superior Court.

On November 19, 2012, Appellant stole a flat-screen television from a Target store. Store security reported the theft to the police while it was in progress. Two nearby police officers in separate marked patrol cars observed Appellant exit the store with a large box and enter a gray Chevrolet Cavalier. The officers activated their lights and sirens and pulled up to Appellant's vehicle. As the officers exited their vehicles, Appellant put his vehicle in reverse and rammed one of the patrol cars. Appellant continued to move his vehicle forward and backward into the patrol car. Appellant then drove toward one of the officers. As he backed up again, Appellant almost ran over the other officer. Appellant then drove out of the parking lot with the officers in pursuit. During the high-speed chase, Appellant drove on the wrong side of the road into oncoming traffic and struck several occupied vehicles and a utility pole. Appellant eventually disabled his vehicle after striking another car on the Highland Park Bridge. A foot chase ensued, and the police apprehended Appellant under the bridge.

On June 18, 2013, Appellant pled guilty to two (2) counts each of aggravated assault and accidents involving damage to attended vehicle or property, four (4) counts of REAP, and one (1) count each of retail theft, receiving stolen property, resisting arrest or other law enforcement, and fleeing or attempting to elude police officer. That same day, the trial court sentenced Appellant to a term of seven (7) to fourteen (14) years' incarceration for the first aggravated assault conviction. Appellant received

a consecutive term of ten (10) years' probation for the second aggravated assault conviction. The court imposed no further penalty for the remaining convictions.[2]

On June 20, 2014, Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition, seeking reinstatement of Appellant's appeal rights *nunc pro tunc*. On October 15, 2014, the PCRA court reinstated Appellant's appeal rights *nunc pro tunc*. Appellant timely filed a notice of appeal *nunc pro tunc* on October 21, 2014. The court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises a single issue for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED [APPELLANT] TO A PERIOD OF INCARCERATION OF SEVEN (7) TO FOURTEEN (14) YEARS AT COUNT 1 FOLLOWED BY 10 YEARS['] PROBATION AT COUNT 2 IN THAT THE COURT'S SENTENCE FAILED TO ADEQUATELY CONSIDER THE SENTENCE FACTORS SET FORTH AT 42 PA.C.S.A. § 9721 AND/OR WAS THE RESULT OF BIAS OR ILL WILL AGAINST [APPELLANT] DUE TO THE NATURE OF THE CHARGES.

(Appellant's Brief at 4).

On appeal, Appellant argues the sentencing court failed to take into account his need for continued mental health treatment and the role

_____

[2] At the time of sentencing, Appellant was a participant in the Allegheny County Mental Health Court program as a result of prior convictions in five separate cases. At sentencing, the court also terminated Appellant's participation in the Mental Health Court program.

Appellant's mental health issues played in his criminal conduct. Appellant concedes his sentence falls within the standard range of the sentencing guidelines. Nevertheless, Appellant concludes he is entitled to resentencing because the court failed to consider his rehabilitative needs adequately. Appellant's challenge is to the discretionary aspects of his sentence.[3] **See Commonwealth v. Cruz-Centeno**, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that sentencing court failed to consider or did not adequately consider certain factors challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether

---

[3] "[W]hile a…plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." **Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." **Id.** at 363 n.1. Here, Appellant's plea was "open" as to sentencing, so a challenge to the discretionary aspects of his sentence is available.

appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)). The determination of what constitutes a substantial question must be evaluated

on a case-by-case basis. ***Commonwealth v. Anderson***, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13 (quoting ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). Generally, "[a]n allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." ***Cruz-Centeno, supra*** at 545.

Instantly, Appellant failed to object to his sentence at imposition or to file a post-sentence motion. After the time to file a direct appeal had expired, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. Nevertheless, Appellant did not seek, and the PCRA court did not grant Appellant, the right to file a post-sentence motion *nunc pro tunc*. Appellant failed to file a post-sentence motion at any stage of the proceedings. Therefore, Appellant's challenge to the discretionary aspects of his sentence is waived. ***See Mann, supra***.

Moreover, Appellant's bald claim that the sentencing court failed to consider his rehabilitative needs does not present a substantial question warranting review. ***See Cruz-Centeno, supra***. Additionally, at the

- 6 -

sentencing hearing, the court stated as follows:

> It was very disappointing, especially for me to see that it was you[, Appellant]. You're a young guy and you have so much out there for you, so many things that you could accomplish in life. If you would only have accepted the help that we offered. We tried to keep you on track, we kept telling you that you can't do this anymore then you started doing this kind of stuff not long after I took over mental health court.
>
> I don't know why it's hard to ask for help especially where there is so much support available in mental health court. Everybody asks, do you need something, what can we do for you, tell us what's going on because that's what we're there for. We tell you all the time, if you pick up something new, it's going to be a state prison sentence. We don't tell you that just to tell you. We tell you that because of what your guidelines are and in your case, your guidelines are high.
>
> [M]y theory is not to go mitigated when somebody has [been] bailed out especially from our specialty court. I don't go into a mitigated range, it's not going to happen. You got your breaks on your other cases when you came into mental health court. You don't get another break. You were offered the help, it was there for you, we tried to work with you and for whatever reason you chose not to accept help at that point in time so we won't give you another one. You have to understand that's my theory of it but I think at this point you will get help because you will be forced to get help with a state prison sentence as they do have a mental health program. They will know what your diagnosis is coming in and they will be able to get you somewhere. You will have drug and alcohol treatment there as well as mental health treatment. I certainly hope that you will also take advantage of the programs that help you change and think about the criminal side that you've dealt with.

(N.T. Sentencing Hearing, 6/18/13, at 13-15). Thus, the record belies

Appellant's contention that the court failed to consider Appellant's

rehabilitative needs. Based on the foregoing, Appellant is not entitled to relief on his challenge to the discretionary aspects of his sentence. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/2015