J-S40018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARRY THOMAS, | : | |
| | : | |
| Appellant | : | No. 3169 EDA 2016 |

Appeal from the Judgment of Sentence September 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000809-2016

BEFORE: OTT, DUBOW, JJ., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 10, 2017**

Appellant, Barry Thomas, appeals from the Judgment of Sentence imposed after the trial court convicted him of Possession, Possession With Intent to Deliver (Marijuana) ("PWID"), and Possession of Drug Paraphernalia.[1]  On appeal, Appellant challenges discretionary aspects of his sentence.  Additionally, Appellant's counsel seeks permission to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), as elucidated by our Supreme Court in ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and amended in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we find Appellant's

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16); 35 P.S. § 780-113(a)(30); 35 P.S. § 780-113(a)(32), respectively.

claim is frivolous. Accordingly, we affirm his Judgment of Sentence and grant counsel's Petition to Withdraw.

On July 12, 2016, the trial court convicted Appellant of the above charges. On September 20, 2016, the court sentenced Appellant to an aggregate sentence of 18 to 36 months' incarceration, a standard range sentence under the sentencing guidelines, and 5 years' reporting probation.[2]

On September 21, 2016, Appellant filed a Post-Sentence Motion, in which he challenged the discretionary aspects of his sentence. The trial court denied the Motion on September 23, 2016. Appellant filed a timely Notice of Appeal.

On October 26, 2016, Appellant's trial counsel filed an Application to Withdraw as Counsel. Accordingly, on November 22, 2016, this Court remanded this case for the trial court for the appointment of new counsel. The court appointed appellate counsel on November 30, 3016. Following his appointment, appellate counsel filed a statement indicating that counsel intended to file an **Anders** Brief in lieu of a Rule 1925(b) Statement, pursuant to Pa.R.A.P. 1925(c)(4), asserting that there were no meritorious issues to raise on appeal. Appellate counsel filed a Brief and a Petition to Withdraw as Appellant's Counsel pursuant to **Anders** and **Santiago**, **supra**.

_____

[2] Specifically, the court sentenced Appellant to a term of incarceration and probation for his PWID conviction. The court adjudicated Appellant guilty on the Possession and Paraphernalia charges, but imposed no further penalty.

In his ***Anders*** Brief, counsel raised one issue:

> The trial court committed an abuse of discretion in imposing sentence because the sentence imposed overstated Appellant's criminal record given that there had been a lengthy period of time between Appellant's last conviction and the instant one.

***Anders*** Brief at 13.

As Appellant's counsel has filed an ***Anders*** Brief, we must consider his request to withdraw as counsel prior to reviewing Appellant's claims on the merits. ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010). Counsel has complied with the mandated procedure for withdrawing as counsel. ***See Commonwealth v. Santiago***, 978 A.2d 349, 361 (articulating ***Anders*** requirements); ***Daniels, supra*** at 594 (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Appellant has not filed a response.

As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous. ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015).

In his ***Anders*** Brief, Appellant challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, Appellant met the first three elements by filing a timely Notice of Appeal, properly preserving the issue in a Post-Sentence Motion to modify his sentence, and including a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement") in his *Anders* Brief. As to whether Appellant has presented a substantial question, we note:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and quotation omitted).

Here, Appellant avers the trial court failed to adequately consider as a mitigating factor the length of time between his prior offense, which occurred in 2003, and the instant one before imposing his sentence.

- 4 -

***Anders*** Brief at 13. An argument that the sentencing court failed to consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review. ***Commonwealth v. Hanson***, 856 A.2d 1254, 1257-58 (Pa. Super. 2004). ***See also Commonwealth v. Griffin***, 804 A.2d 1, 9 (Pa. Super. 2002) (citing ***Commonwealth v. Williams***, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (concluding that an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence).

Moreover, we note that Appellant does not allege that the court miscalculated his prior record score, that his sentence is outside the statutory maximum, or that it is contrary to the fundamental norms underlying the sentencing scheme. Neither does Appellant point to any specific provision of the Sentencing Code that the sentencing court ostensibly violated. Appellant's bald assertion that his sentence is excessive does not raise a substantial question. ***See Commonwealth v. Trippett***, 932 A.2d 188, 201-03 (Pa. Super. 2007) (bald allegations of excessiveness insufficient to permit discretionary review).

Accordingly, we conclude that Appellant has failed to raise a substantial question as to the appropriateness of his sentence. We agree with counsel that this claim is wholly frivolous. Further, after conducting our

independent review as required pursuant to ***Flowers***, ***supra***, we discern no non-frivolous issues to be raised on appeal. We therefore grant counsel's Petition to Withdraw and affirm the September 20, 2016 Judgment of Sentence.

Judgment of Sentence affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2017