J-A05015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHARLES MINCY | : | |
| | : | |
| Appellant | : | No. 2214 EDA 2016 |

Appeal from the Judgment of Sentence June 22, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007703-2015

BEFORE: DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 15, 2018**

Appellant, Charles Mincy, appeals from the Judgment of Sentence entered in the Philadelphia County Court of Common Pleas following his guilty plea to Aggravated Assault, Possession of a Firearm Prohibited ("VUFA"), Firearms Not to be Carried Without a License, and Possession of an Instrument of Crime.[1] Appellant challenges the discretionary aspects of his sentence. After careful review, we find that Appellant failed to raise a substantial question that his sentence was not appropriate under the Sentencing Code as required to invoke this Court's jurisdiction to review the discretionary aspects of Appellant's sentence. Therefore, we affirm.

_____

[1] 18 Pa.C.S. § 2702(a); 18 Pa.C.S. § 6105(a); 18 Pa.C.S. § 6106(a); 18 Pa.C.S. § 907(a), respectively.

_____

* Former Justice specially assigned to the Superior Court.

The facts are unnecessary for our disposition. On April 21, 2016, the court sentenced Appellant to 6 to 12 years' incarceration for Aggravated Assault followed by 10 years consecutive probation for VUFA § 6105. The court did not impose any further penalty for the remaining charges.[2]

On April 26, 2016, the Commonwealth and Appellant filed Motions for Reconsideration of Sentence. On April 27, 2016, the court vacated its April 21st sentence. Following a Sentencing Hearing, on June 22, 2016, the court denied the Motions for Reconsideration and reinstated Appellant's original sentences.

This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

_____

[2] At the sentencing hearing, the court noted that there were ten mitigating factors. N.T. Sentencing Hr'g, 4/21/16, at 53. The court stated that "the most telling mitigator is [Appellant's] medical and physical condition. The defense attorney provided voluminous information that supports the fact that the defense attorney was not just puffing in trying to put-trying to gain sympathy from the [c]ourt about [Appellant's] condition. It's pretty clear that he has a variety of very serious medical conditions that the [c]ourt took into consideration." *Id.* at 53-54. Counsel for Appellant requested that the court recommend that Appellant serve his sentence at SCI Waymart because "SCI Waymart deals with people who are elderly and have serious medical issues." *Id.* at 55. The court stated it would make a recommendation that Appellant go to SCI Waymart "in light of his severe physical condition and medical history." *Id.* at 56. Following the June 22nd hearing, the court ordered that Appellant was to receive "immediate medical treatment" for his medical conditions. N.T. Sentencing Hr'g, 6/22/16, at 10.

Appellant presents the following issue for our review: "Did the court err in sentencing Appellant to 6 to 12 years['] incarceration for aggravated assault which although was below the mitigated guideline range did not take into account the gravity of Appellant's illness as the court failed to read Appellant's medical records prior to sentencing?" Appellant's Brief at 7.

Appellant challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013). Accordingly, an appellant must properly invoke this court's jurisdiction in order to seek review on the merits by showing that: (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review. ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011) (citation and footnotes omitted). ***See also*** Pa.R.A.P. 2119(f).

Here, Appellant met the first three elements by filing a timely Notice of Appeal, properly preserving the issue in his Post-Sentence Motion for Reconsideration of Sentence, and including a statement in his Brief which conforms with Pa.R.A.P. 2119(f). ***See*** Appellant's Brief at 11.

Accordingly, we ascertain whether Appellant has raised a substantial question. **See Griffin**, 65 A.3d at 935. An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010). This Court has no jurisdiction where an appellant's Rule 2119(f) Statement fails to "raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a 'fundamental norm' of the sentencing process." **Commonwealth v. Coulverson**, 34 A.3d 135, 142 (Pa. Super. 2011) (citations omitted). Further, an appellant "must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm." **Commonwealth v. Dodge**, 77 A.3d 1263, 1269 (Pa. Super. 2013) (citation omitted).

A claim that the sentencing court failed to consider mitigating factors does not present a substantial question appropriate for our review. **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013). **See also Commonwealth v. Griffin**, 804 A.2d 1, 9 (Pa. Super. 2002) (citing **Commonwealth v. Williams**, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (concluding that an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this Court

substitute its judgment for that of the lower court in fashioning a defendant's sentence)).

In the instant case, Appellant avers that although his sentence for aggravated assault was below the mitigated guideline range, the court erred in that it did not take into consideration his severe medical needs because the court failed to read his medical records prior to sentencing. Appellant's contention does not set forth a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Crump**, 995 A.2d at 1282. Moreover, Appellant does not inform us of "what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violated the norm." **Dodge**, 77 A.3d at 1269. Appellant has failed to raise a substantial question as to his sentence, and therefore failed to invoke the jurisdiction of this Court.

Because Appellant has failed to raise a substantial question, we will not address the merits of Appellant's sentencing claim.

Judgment of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/18