J-S14014-19
J-S14015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES K. COLLINS, | : | |
| | : | |
| Appellant | : | No. 3021 EDA 2017 |

Appeal from the Judgment of Sentence August 4, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006827-2016

\*\*\*\*\*

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES K. COLLINS, | : | |
| | : | |
| Appellant | : | No. 3022 EDA 2017 |

Appeal from the Judgment of Sentence August 4, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000997-2017

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 23, 2019**

_____
\*   Retired Senior Judge assigned to the Superior Court.

James K. Collins appeals from a judgment of sentence, entered in the Court of Common Pleas, after pleading guilty in two separate cases.[1] In CP-23-CR-6827-2016, Collins pled guilty to delivery of a controlled substance (2 counts),[2] criminal use of a communication facility (2 counts),[3] and resisting arrest.[4] In CP-23-CR-887-2017, Collins pled guilty to drug delivery resulting in death,[5] delivery of a controlled substance,[6] and involuntary manslaughter.[7] Counsel has petitioned this Court to withdraw from his representation of Collins pursuant to **Anders** and **Santiago**.[8] Upon review, we find Collins' appeals frivolous; we affirm Collins' judgments of sentence and grant counsel's petitions to withdraw.

_____

[1] This Court has opted to consolidate both appeals. When the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, treat them as a single appeal. Pa.R.A.P. 513. Briefs for both appeals raise the same issue and have near identical paginations; they will be cited to collectively as "Appellant's Briefs."

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S.A. § 7512.

[4] 18 Pa.C.S.A. § 5104.

[5] 18 Pa.C.S.A. § 2506(a).

[6] 35 P.S. § 780-113(a)(30).

[7] 18 Pa.C.S.A. § 2504(a).

[8] **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

On October 1, 2016, Collins sold 3-methylfentanyl[9] to Mathew Ettien. On October 2, 2016, Ettien was found dead in in his bathroom due to a drug overdose. On October 3, 2016, Collins sold 3-methylfentanyl to an undercover officer. Collins was arrested on October 4, 2016. He was charged with the above mentioned crimes. On June 2, 2017, Collins entered open guilty pleas in both cases to the above offenses. On August 4, 2017, the trial court entered its sentencing order, which it then amended on August 9, 2017. The aggregate sentence for both cases was 19¼ to 38½ years' incarceration. On August 14, 2017, Collins filed a motion for reconsideration of sentence in each case. The motions were denied and these appeals followed in which counsel has sought permission to withdraw from his representation of Collins.

In order to withdraw pursuant to **Anders**, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguable support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001). In addition, counsel must also state his reasons for concluding his client's appeal is frivolous. **Santiago**, 978 A.2d at 361.

---

[9] 3-methylfentanyl is an opioid between 300 to 6,000 times more powerful than morphine. N.T. Sentencing, 8/4/17, at 49.

Here, counsel's petitions state that he has made an examination of the record and concluded the appeals are wholly frivolous. For each case, counsel indicates that he supplied Collins with a copy of the brief and a letter explaining his rights to proceed *pro se*, or with privately retained counsel, and to raise any other issues he believes might have merit.[10] Counsel has also submitted briefs, setting out the issues raised by Collins and, pursuant to the dictates of *Santiago*, and explained why he believes the appeals to be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal.

Counsel having satisfied the above requirements, this Court must conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 737 (Pa. Super. 2004).

Collins claims that, "the judgment of sentence is harsh and excessive where the lower court sentenced entirely in consecutive fashion when all the mitigating evidence called for a concurrent scheme." Appellant's Briefs, at 3 (unnecessary capitalization removed).

Collins' claim represents a challenge to the discretionary aspects of his sentence. An appeal from a discretionary aspects of sentencing claim is not guaranteed of right; rather, a defendant's appeal is considered a petition for permission to appeal. *Commonwealth v. Williams*, 562 A.2d 1385, 1386-

---

[10] Collins has not submitted any additional or supplemental filings to this Court.

87 (Pa. Super. 1989) (en banc). An objection to a discretionary aspect of sentencing is waived if it is not raised at the sentencing hearing or in a motion to modify sentencing. *Commonwealth v. Anderson*, 830 A.2d 1013, 1013 (Pa. Super. 2003). An appellant who challenges the discretionary aspects of his sentence must include in his brief a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P. 2119(f). In addition, appellate review will only be granted if the appellant raises a substantial question. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Byrd*, 657 A.2d 961, 963 (Pa. Super. 1995); *Williams*, 562 A.2d at 1387. The existence of a substantial question must be determined on a case-by-case basis. *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995).

Here, Collins filed post-sentence motions to reconsider his sentence, followed by timely notices of appeal. Additionally, he has included in each of his briefs a concise statement of reasons relied upon for appeal pursuant to Rule 2119(f). Accordingly, we must now determine whether Collins has raised a substantial question for our review.

In his Rule 2119(f) statement, Collins asserts that "the lower court manifestly abused [its] discretion when it ran all the sentences imposed consecutive to each other even though the myriad [] mitigating factors put forth by [Collins] suggested a concurrent scheme." Appellant's Briefs, at 7. Specifically, Collins argues the mitigating factors "include the fact that he expressly accepted his responsibility for committing the crimes for which he

was sentenced, his clearly stated motivation to be rehabilitated and his genuine remorse." Appellant's Briefs, at 8.

This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question. *See Commonwealth v. Raven*, 97 A.3d 1244 (Pa. Super. 2013); *see also Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (finding trial court's failure to consider "acceptance of responsibility, expression of remorse, and amenability to rehabilitation" raises a substantial question). Accordingly, we will consider Collins' claim.

Our standard of review of the discretionary aspects of a sentence is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006). Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.A. §§ 9871(c) and (d).

We must vacate a sentence if the trial court erroneously applied the guidelines, if the circumstances would cause the application of the guidelines to be clearly unreasonable, or if the court sentenced outside the guidelines in

an unreasonable manner. 42 Pa.C.S.A. § 9871(c). In reviewing the record we consider:

1) The nature and circumstances of the offense and the history and characteristics of the defendant.

2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

3) The findings upon which the sentence was based.

4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9871(d).

Collins concedes that the sentences are legal and within the standard range. Appellant's Briefs, at 8. Therefore, he must demonstrate that the application of the guidelines was clearly unreasonable. 42 Pa.C.S.A. § 9871(c)(2). He has failed to do so.

The Honorable John P. Capuzi sentenced Collins within the standard range. He also chose for those sentences to run consecutively instead of concurrently. At the sentencing hearing, Judge Capuzi had access to a pre-sentence investigation report. When a sentencing court has the benefit of a pre-sentence, we "presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." *Commonwealth v. Seagraves*, 103 A.3d 839, 842 (Pa. Super. 2014). Furthermore, imposing a consecutive rather than a concurrent sentence is within the sound discretion of the sentencing court.

*Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) (citations omitted).

The court had informed Collins of the maximum sentence during the plea but noted that he did not know how severe the sentence would be. N.T. Sentencing, 8/4/17, at 48. The court also believed that Collins was expressing remorse. *Id.* at 49. However, the court found these factors outweighed by other circumstances. *Id.* at 48. Specifically, the court noted that: Collins had been selling drugs since he was a juvenile, *id.* at 49; Collins should have been aware of the risk in which he was placing others, *id.* at 48-49; Collins had been provided treatment for drug addiction but did not take advantage of it, *id.* at 49; and Collins had a high risk of reoffending. *Id.* at 51.

The decision to impose a consecutive sentences was well within the discretion of the sentencing court. *See Zirkle*, 107 A.3d at 133. In light of the foregoing, we cannot conclude that the sentence is clearly unreasonable or that the sentencing court failed to consider Collins' mitigating circumstances. We find no abuse of discretion. *See Shugars*, 895 A.2d at 1275.

Judgments of sentence affirmed; petitions to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/23/19