J-S38007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM JOHN DAVIS, JR. | : | |
| | : | |
| Appellant | : | No. 227 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 17, 2019,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s):  CP-06-CR-0004394-2016.

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                 **FILED OCTOBER 14, 2020**

William John Davis appeals from the judgment of sentence imposed after the trial court revoked his probation.  We affirm.

The pertinent facts and procedural history may be summarized as follows:  On November 16, 2016, Davis entered a negotiated guilty plea to one count of drug delivery resulting in death and one count of criminal use of a communication facility.[1]  That same day, the trial court sentenced Davis in accordance with the plea agreement to eleven and one-half months to two years less one day, and a consecutive fourteen-year probationary term.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2506(a) & 7512(a), respectively.

On August 26, 2019, the Berks County Adult Probation and Parole Office applied for a warrant for Davis' arrest based upon his failure to comply with the conditions of his probation, including a new criminal conviction and the use of drugs. Ultimately, on January 17, 2020, Davis entered an open guilty plea to the new criminal charge, and the trial court sentenced him to a term of one to five years of incarceration.

The trial court then immediately proceeded to a **Gagnon II**[2] hearing regarding the revocation of probation for his 2016 convictions, at which time Davis admitted the violations. The trial court then revoked Davis' probation and sentenced him to an aggregate term of five and one-half to fifteen years of imprisonment, and a seven-year probationary term. This sentence was to run concurrent to the sentence imposed for his 2019 conviction. Davis filed a timely post-sentence motion, which the trial court denied. This appeal followed. Both Davis and the trial court have complied with Pa.R.A.P. 1925(a).

Davis raises the following issue:

1. Whether the trial court abused its discretion when it imposed a sentence of not less than sixty-six (66) months nor more than fifteen (15) years [of incarceration] that was inconsistent with the Title 42 § 9721(b) factors of the protection of the public, the gravity of the offense and the rehabilitative needs of [Davis] while failing to take into consideration [Davis'] mitigating factors, which included [his] expressed remorse, progress in drug treatment, and success in maintaining full-time employment.

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

Davis' Brief at 14.

Davis challenges the discretionary aspects of his sentence. This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Colon***, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Davis satisfied the first three requirements under ***Colon***. Accordingly, we must determine whether he has raised a substantial question for our review. An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted).

The Commonwealth contends that Davis' Rule 2119(f) statement is wholly deficient. ***See*** Commonwealth's Brief at 12. A reading of Davis' two-page statement reveals that it consists of no more than boilerplate statements of law that fails to provide any facts or arguments applying this case law to

the circumstances surrounding the sentence imposed. In this situation, this court has found waiver of a sentencing challenge. ***See e.g.***, ***Commonwealth v. Williams***, 562 A.2d 1385, 1389 (concluding that when an "appellant's Rule 2119(f) statement contains no factual averments which suggest that the sentencing scheme as a whole has been compromised, but instead merely paraphrases appellant's argument as to why the sentencing court abused its discretion in imposing the allegedly excessive sentence, the petition for permission to appeal must be denied").

As this Court more recently has explained, however, "we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Johnson-Daniels***, 167 A.3d 17, 27 (Pa. Super. 2017). Although he provides no facts regarding his sentence in his 2119(f) statement, in his statement of the question presented on appeal, Davis asserts that his sentence is inconsistent with the protection of the public, the gravity of the offense, and his rehabilitative needs. In addition, Davis avers that the trial court failed to take into consideration mitigating factors, such as his remorse and previous progress in drug treatment. Davis' Brief at 14. Although Davis should have reiterated such statements in his Rule 2119(f) statement, we find that he has raised a substantial question. ***See Johnson-Daniels***, 167 A.3d

at 27; ***Commonwealth v. Swope***, 123 A.3d 333, ___ (Pa. Super. 2015)

(concluding that and an excessive sentence claim).[3]

Our standard of review when deciding a sentencing claim is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, is not shown merely to be an error in judgment. Rather the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shull***, 148 A.3d 820, 831 (Pa. Super. 2016) (citation

omitted).

Here at sentencing, before imposing sentence, the following exchange

with defense counsel occurred:

> THE COURT: All right. Then Commonwealth['s] Exhibit 1-B [the transcript of Davis' 2016 guilty plea and sentencing] is admitted into the record for purposes of the [***Gagnon***].
>
> Taking into consideration the recommendation of the Adult Probation Office, my review of Commonwealth's Exhibit 1-B, the information placed on the record by adult probation in terms of [Davis'] cooperation with the Lancaster County Probation Office as well as the circumstances surrounding his apprehension from a warrant, [defense counsel] . . . I am assuming you want me

---

[3] We are not persuaded by the Commonwealth's additional claim of waiver based on Davis' failure to preserve his current claims in his post-sentence motion. ***See*** Commonwealth's Brief at 13 n.5. Although the language in Davis' post-sentence motion is not identical, we conclude that Davis has sufficiently preserved his sentencing challenge.

> to use all the information that you previously submitted with regard to [Davis'] medical records and the letters from Camp Joy in consideration of this resentence[?]
>
> [DEFENSE COUNSEL]: I should have put that on the record, that I'm asking you to incorporate the exhibits and information presented [regarding the theft charge] also as a basis for you decision here on resentencing.

N.T., 1/17/20, at 10. The trial court acknowledged this request and then imposed the sentence at issue.

Davis claims the trial court "failed to take into consideration the factors enumerated in § 9721 in addition to the case-by-case analysis of § 9781"; 2) failed to consider the mitigating factors he presented; and 3) failed to properly consider his rehabilitative needs. Davis' Brief at 22-23. In addition, Davis argues that the "lengthy sentence would interfere with his ability to attend treatment at a place where he clearly flourished in the past," and that "the sentence imposed disproportional to the [theft] charge that triggered the [probation] violation." Davis' Brief at 23.

The trial court found that Davis' challenge to the discretionary aspects of his sentence did not entitle him to relief. Amplifying its statement at sentencing with regard to the information it considered the trial court stated:

> In the instant case, this court thoroughly considered the recommendation of the Adult Probation Office, the arguments of counsel, [Davis'] statement, and a transcript of [Davis'] November 16, 2016 guilty plea and sentence to the underlying charge before imposing a [minimum] sentence that was below the Commonwealth's request for a seven to fourteen years of incarceration. While we were aware that the sentencing guidelines did not apply [to sentencing following probation revocation,] this court imposed a sentence that was in fact within the sentencing

- 6 -

guidelines and that we determined was consistent with the protection of the public, the gravity of the offenses, as they related to the impact on the community, and the rehabilitative needs of [Davis]. *See* 42 Pa.C.S.A. § 9721(b). [Davis'] sentence is appropriate, and there was no abuse of discretion.

Trial Court Opinion, 4/13/20, at 4 (citation to record omitted).

Our review of the record supports this conclusion. Davis faced a maximum sentence of forty years for his drug delivery resulting in death conviction alone. The court imposed five and a half to fifteen years, followed by seven years of probation. A sentencing court has broad discretion to consider evidence in determining a sentence. The court should consider the fullest information possible concerning a defendant's life and characteristics, which can be highly relevant—if not essential—to his selection of an appropriate sentence. *See Commonwealth v. Kleinicke*, 895 A.2d 562, 567 (Pa. Super. 2006). Here, the trial court reviewed all the information received, Davis' statement, and the arguments of counsel before arriving at its sentence choice. In essence, Davis is asking this Court to substitute our judgment for that of the trial court. This we will not do. *Williams*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2020