562 A.2d 1385

**COMMONWEALTH of Pennsylvania,**

v.

**Betty Lee WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Argued June 5, 1989.

Filed Aug. 21, 1989.

Joseph Hyena, Public Defender, Norristown, for appellant.

Patricia E. Coonahan, Asst. Dist. Atty., Cheltenham, for Com., appellee.

Before CIRILLO, President Judge, and BROSKY, ROWLEY, McEWEN, OLSZEWSKI, TAMILIA, POPOVICH, JOHNSON, and MELINSON, JJ.

ROWLEY, Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Montgomery County following Betty Lee Williams' guilty plea to a charge of possession of heroin with intent to deliver. The only issue raised on appeal is whether the sentencing court abused its discretion and imposed too severe a sentence. The case was certified to this Court *En Banc* to consider whether appellant's petition for permission to appeal from the discretionary aspects of sentence should be granted. After thorough consideration of the briefs and the arguments of counsel, we deny the petition for permission to appeal.

On July 10, 1987, the Pennsylvania State Police, Montgomery County Detective's Office, and the Pottstown Police Department obtained a tip from an informant which indicated that the appellant, Betty Lee Williams, and several other individuals were making a "drug run" to obtain heroin in New York that evening. The confidential source further revealed that Williams would be travelling on the Pennsylvania Turnpike in a light blue Chevrolet Chevette bearing Pennsylvania tag JEY–540. As a result of this information, the authorities established a surveillance network on the turnpike. At approximately 11:55 p.m., a Chevette matching the informant's description was sighted travelling westbound on the turnpike in Upper Moreland Township, Montgomery County. The vehicle was stopped, and the occupants were searched and questioned. As a female officer approached Williams to conduct a body search, Williams voluntarily handed over a package containing fifty-seven bags of heroin which she had concealed in her bra. The drugs were seized, and Williams was arrested and detained.

On February 9, 1988, Williams entered an open plea of guilty to the charge of possession of heroin with intent to

deliver. The plea was accepted by the Honorable Samuel W. Salus, and sentencing was deferred pending receipt of the pre-sentence investigation. On April 13, 1988, after a full sentencing hearing, Williams was sentenced to a term of fifteen to thirty-six months imprisonment. A petition for reconsideration was denied on April 25, 1988, and this appeal followed.

Initially, we note that Williams does not challenge the legality of her sentence. Rather, she assails the discretionary aspects of her sentence and Judge Salus' supposed abuse of discretion in imposing it. Therefore, an appeal in this case was not taken as of right, and appellant's appeal must be considered as a petition for permission to appeal. 42 Pa.C.S. § 9781(b); Note to Pa.R.A.P. 902; *Commonwealth v. Tuladziecki*, 513 Pa. 508, 511, 522 A.2d 17, 18 (1987). Because Williams is appealing the discretionary aspects of her sentence, she is required, pursuant to Pa.R. A.P. 2119(f) and the opinion of our Supreme Court in *Commonwealth v. Tuladziecki*, 513 Pa. at 511–12, 522 A.2d at 19, to include in her brief a separate statement of the reasons relied upon for such an appeal. Here, Williams has included in her brief a separate "statement of reasons why appeal should be granted," thereby satisfying the requirement of Rule 2119(f) and *Tuladziecki*.

Accordingly, we proceed to consider whether Williams has demonstrated, as she must if we are to grant her petition for permission to appeal, that there exists "a substantial question that the sentence imposed is not appropriate" under the Sentencing Code. 42 Pa.C.S. § 9781(b). "It is only where a party can articulate reasons why a particular sentence raises doubts that [the sentencing] scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercised its discretion." *Tuladziecki*, 513 Pa. at 515, 522 A.2d at 20.

What constitutes a "substantial question" under section 9781(b) must be evaluated on a case by case basis. However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial

judge's actions were: 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Losch,* 369 Pa.Super. 192, 201 n. 7, 535 A.2d 115, 119 n. 7 (1987). It is, of course, axiomatic that sentencing is a matter that is vested in the trial court's discretion, and we will not vacate a sentence that is within statutorily prescribed limits and remand for resentencing absent a manifest abuse of that discretion. *Commonwealth v. Plank,* 498 Pa. 144, 145, 445 A.2d 491, 492 (1982). The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal "furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to *exceptional* cases." *Tuladziecki,* 513 Pa. at 513, 522 A.2d at 20 (emphasis added).

Appellant's "statement of reasons why appeal should be granted" is as follows:

The [sentencing] Court did not adequately consider those factors which would have mitigated against a sentence of fifteen (15) months to three (3) years of confinement. The Sentencing Court failed to consider defendant's serious medical condition. Defendant suffers from a chronic heart condition. Defendant's family physician advised the Sentencing Court that any term of incarceration could result in serious medical complications. Secondly, the appellant had maintained steady employment prior to her arrest despite her heart ailment. At this time, defendant was the primary source of support for her invalid son. In light of her employment and her son's poor health, it is argued that the Trial Court failed to consider the hardship created by imposing a lengthy prison sentence. Further, testimony was presented by outstanding members of the community who verified the fact that defendant was making a sincere effort to change her lifestyle. The record reflects that Ms. Williams had numerous family and personal problems to deal with in the past

several years. Unfortunately, appellant reverted back to drug usage to deal with these problems. However, the record reflects that appellant had made concrete steps to ensure a more productive and stable future prior to her incarceration.

A lengthy prison sentence will only thwart appellant's chances for any constructive rehabilitation.

Therefore, appellant respectfully requests that this sentence be vacated and a more appropriate sentence be imposed to meet to [sic] the rehabilitative needs of the appellant.

Appellant has failed to include in this statement any specific, articulable reasons why her sentence raises doubts that the sentencing scheme as a whole has been compromised. She does not aver, for example, that Judge Salus was unaware of or misinformed about her medical condition, her steady employment history, or her efforts at rehabilitating herself. To the contrary, appellant concedes in the statement that her physician advised the court of the seriousness of her medical condition, that "outstanding members of the community" informed the court of her efforts to change her lifestyle, and that "the record reflects" both the problems that have beset her in the past and the efforts that she was making "to ensure a more productive and stable future." Thus, although she asserts that the sentencing court "failed to consider" or "did not adequately consider" various factors, her statement makes clear that the court was in fact provided with adequate information on which to base its sentencing decision. "It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." *Commonwealth v. Devers*, 519 Pa. 88, 102, 546 A.2d 12, 18 (1988) (holding that where pre-sentence report exists, reviewing court will presume that sentencing court was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors). The essence of appellant's Rule 2119(f) statement is that Judge Salus, after considering the information

provided to him, should have imposed a lesser, "more appropriate" sentence. In effect, appellant asks this Court to substitute its judgment regarding an appropriate sentence for that of Judge Salus. Such a statement does not raise a substantial question that the sentence imposed was in fact inappropriate. *Commonwealth v. Billett*, 370 Pa.Super. 125, 131, 535 A.2d 1182, 1185 (1988).

Moreover, a "summary of argument" is provided for elsewhere in an appellate brief. The purpose of a separate statement of reasons relied upon for allowance of appeal is not to summarize appellant's argument on the merits of the discretionary sentencing issue, but to enable this Court to decide, without undertaking a studied analysis of the remainder of appellant's brief, whether appellant's case is one of the "exceptional cases" in which the sentencing court's exercise of discretion should be reviewed. If, at the outset of our consideration of appellant's petition for permission to appeal, we evaluate the substantive merits of appellant's claim, appellant "has in effect obtained an appeal as of right from the discretionary aspects of a sentence." *Tuladziecki*, 513 Pa. at 513, 522 A.2d at 19. In *Commonwealth v. Gambal*, —— Pa. ——, 561 A.2d 710 (1989), our Supreme Court held that if the brief of the appellant in an appeal from the discretionary aspects of a sentence does not include a Rule 2119(f) statement, this Court may quash the appeal, even though the opposing party has raised no objection to the absence of the statement, if "review may be significantly hampered by the lack of [the] concise statement...." *Id.*, —— Pa. at ——, 561 A.2d at 713.[1] While the Court's opinion in *Gambal* is not dispositive of the present case, in which the requisite statement has been provided, it nevertheless serves to illustrate the importance to the reviewing court of the statement of reasons relied upon for allowance of appeal.

---

**1.** The Court also held that "[a]fter the appeal was quashed, ... appellant's prompt application for leave to bring his brief into conformity with the requirements of Pa.R.A.P. 2119(f) should have been granted, and the appeal reinstated upon satisfactory compliance." *Id.*, —— Pa. at ——, 561 A.2d at 714.

It is contemplated by [42 Pa.C.S. § 9781(b)] that a determination of whether a substantial question exists will be made prior to a full examination of the merits of the issue of the appropriateness of the sentence. Where a concise statement of the reasons relied upon for appeal is provided, the court's need to delve into the detailed arguments provided in the appellant's brief is minimized, and, thus, the inquiry into whether there is a substantial question is more clearly separated from a full consideration of the merits of the appeal.

*Id.*, —— Pa. at ——, 561 A.2d at 713 (citation omitted).

Accordingly, where, as here, appellant's Rule 2119(f) statement contains no factual averments which suggest that the sentencing scheme as a whole has been compromised, but instead merely paraphrases appellant's argument as to why the sentencing court abused its discretion in imposing the allegedly excessive sentence, the petition for permission to appeal must be denied.

Petition for permission to appeal denied.

TAMILIA, J., concurs in the result.