J-S09019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                   :          PENNSYLVANIA
                                                   :

              v.                                 :
                                                 :

EDWARD CHESTER WALLS              : 
                                                     :

            Appellant                     :    No. 780 WDA 2018

Appeal from the Judgment of Sentence November 13, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008331-1996,
CP-02-CR-0009738-1996

BEFORE:   PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:            **FILED MARCH 25, 2019**

Edward Chester Walls appeals from the judgment of sentence, entered in the Court of Common Pleas, after a jury convicted him of first-degree murder and other related offenses committed when he was a juvenile. Walls was found guilty of murder, attempted murder (2 counts), aggravated assault (2 counts), receiving stolen property, violating the uniform firearms act, and conspiracy. Walls was tried as an adult for the offenses. After careful review, we affirm.

The facts underlying Walls' convictions were summarized by this Court on Walls' direct appeal as follows:

> On May 25, 1996, Michael Mammarella reported that his maroon 1993 Honda Accord vehicle had been stolen. At approximately 9:00 p.m. that same evening, Torie Jones, Nicole Jay, Tanika Maddox, Robert Johnson, Starlin Kyles and Michael Kyles stood alongside Mount Pleasant Road. Within minutes, a maroon car passed by and fired four to five shots. As a result of the shooting,

_____
\*   Retired Senior Judge assigned to the Superior Court.

> Torie Jones sustained a fatal gunshot wound to the head. As police responded to the incident, they observed a maroon-colored vehicle leaving the scene at a high rate of speed. While the police pursued the vehicle, several shots were fired at them. Eventually, police apprehended [Walls], who had been wounded by the return of fire by police. Police also located a gun nearby.
>
> **. . .**
>
> Critically, Starlin Kyles testified that he observed [Walls] stick his head out the vehicle's window and subsequently fire[] shots at the group. Likewise, Michael Kyles identified [Walls] as the shooter. Both of these witnesses were familiar with [Walls] from the neighborhood. Further, Officer Guy Collins identified [Walls] as being the actor involved in the ensuing police chase in which shots were fired between [Walls] and the police. Officer Collins testified that [Walls] attempted to hide himself in the vehicle when police finally forced the vehicle to a stop. Officer Collins also found the gun used in the shooting near the location where [Walls] was apprehended.

*Commonwealth v. Walls*, 1121 Pittsburgh 1997, at 2, 8-9 (Pa. Super. filed Aug. 11, 1999) (unpublished memorandum) (internal citations omitted).

On March 6, 1997, Walls was tried as an adult and convicted of first-degree murder and other offenses. On April 30, 1997, he was sentenced to a mandatory term of life imprisonment. This Court affirmed Walls' judgment of sentence on August 11, 1999. Walls filed a PCRA petition on July 7, 2004, claiming ineffective assistance of counsel, which the PCRA court dismissed on January 19, 2006. Another PCRA petition was filed on July 14, 2010, which the court dismissed without hearing on November 16, 2010. On July 10, 2012, Walls filed a motion for post conviction relief from the mandatory life sentence following the United States Supreme Court decision in *Miller v. Alabama*, 567 U.S. 460 (2012). The PCRA court stayed its decision until a higher court

determined if **Miller** applied retroactively. The PCRA court subsequently dismissed Walls' petition when the Pennsylvania Supreme Court, in **Commonwealth v. Cunnigham**, 81 A.3d 1 (Pa. 2013), found **Miller** did not apply retroactively. On December 17, 2013, Walls filed a timely appeal and this Court issued a memorandum opinion affirming the PCRA court on November 10, 2014. On February 17, 2016, the Pennsylvania Supreme Court granted Walls' ensuing petition for allowance of appeal when **Miller** was made retroactive in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), and remanded the case to this Court for further proceedings. On March 30, 2016, this Court remanded Walls' case for resentencing.

A resentencing hearing was held on November 13, 2017. Doctor Shannon Edwards, Nancy Turner, and Brittany Dunbar, testified. Doctor Edwards, testifying as an expert in forensic psychology, found Walls to have a medium-risk of reoffending. Turner, Walls' sister, stated she could guarantee employment for Walls should he be released. Dunbar, Walls' niece, testified that Walls had a positive attitude, and he was positive even before he knew he would be granted an opportunity to be resentenced. Walls' whole family maintains contact with him, and would assist him if released on parole.

Walls was resentenced to 35 years' to life imprisonment for murder in the first degree, 30 months' to 60 months' imprisonment for attempted murder, 30 months' to 60 months' imprisonment for attempted murder, 9 months' to 60 months' imprisonment for carrying a firearm without a license,

and 9 months' to 60 months' imprisonment for receiving stolen property. These sentences were to run consecutively. Thus, Walls received an aggregate sentence of 41½ years' to life imprisonment. Post-sentence motions were denied and this timely appeal followed. Walls has raised the following issue for our review:

> Whether the sentencing court abused its discretion by violating the Sentencing Code and the fundamental norms that underlie the sentencing process by imposing an excessive and unreasonable sentence where the court focused upon the seriousness of the offense while categorically rejecting or failing to give meaningful consideration to undisputed rehabilitative needs and mitigating circumstances. And whether the court thereby also violated fundamental sentencing norms by failing to impose an individualized sentence and one which would provide a meaningful opportunity to obtain release based on demonstrated maturity and [rehabilitation].

Appellant's Brief, at 7 (capitalization omitted).

Walls' claim represents a challenge to the discretionary aspects of his sentence. An appeal from a discretionary aspects of sentencing claim is not guaranteed of right; rather, a defendant's appeal is considered a petition for permission to appeal. *Commonwealth v. Williams*, 562 A.2d 1385, 1386-87 (Pa. Super. 1989) (en banc). An objection to a discretionary aspect of sentencing is waived if it is not raised at the sentencing hearing or in a motion to modify sentencing. *Commonwealth v. Anderson*, 830 A.2d 1013, 1013 (Pa. Super. 2003). An appellant who challenges a discretionary aspect of sentencing must include in his or her brief a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P. 2119(f). In addition, appellate

review will only be granted if the appellant raises a substantial question. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Byrd*, 657 A.2d 961, 963 (Pa. Super. 1995); *Williams*, 562 A.2d at 1387. The existence of a substantial question must be determined on a case-by-case basis. *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995).

Here, Walls filed a post-sentence motion to reconsider his sentence, followed by a timely notice of appeal. Additionally, he has included in his brief a concise statement of reasons relied upon for appeal pursuant to Rule 2119(f). Accordingly, we must now determine whether Walls has raised a substantial question for our review.

In his Rule 2119(f) statement, Walls asserts that "the sentence was excessive and contrary to the fundamental norms of the sentencing process" because the court failed to properly consider his rehabilitative needs and mitigating circumstances. Appellant's Brief, at 26. This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question. *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2013), citing *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005). Accordingly, we will consider the merits of Walls' claim.

Our standard of review of the discretionary aspects of a sentence is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

- 5 -

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Typically, when sentencing a defendant, the court is required to consider the sentencing guidelines. ***Commonwealth v. Melvin***, 172 A.3d 14, 21 (Pa. Super. 2017). However, there are no sentencing guidelines for juveniles sentenced for first-degree murder prior to June 24, 2012. ***Id.*** at 22. Section 1102.1(a) of the Crimes Code states the current sentencing guidelines for juveniles convicted of first-degree murder, but section 1102.1(a) does not apply to defendants who were originally convicted before June 24, 2012.

In ***Commonwealth v. Batts***, 163 A.3d 410 (Pa. 2017) (***Batts II***), our Supreme Court held that a trial court, in resentencing a juvenile offender convicted of first-degree murder prior to ***Miller***, may impose a minimum term-of-years sentence and a maximum sentence of life imprisonment, thus "exposing these defendants to parole eligibility upon the expiration of their minimum sentences." ***Batts II***, 163 A.3d at 439. Even without sentencing guidelines, a sentencing judge should consider "protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Furthermore, the court may still consider the

sentencing guidelines in section 1102.1(a) for consistency of sentencing.[1] *See Commonwealth v. Foust*, 180 A.3d 416, 439 (Pa. Super. 2018); *see also Batts II*, 163 A.3d at 444-45.

Walls' first argument is that the trial court failed to properly consider mitigating circumstances or his rehabilitative needs.  This claim is meritless. When rendering Walls' sentence, the Honorable Kathleen A. Durkin "went over everything," which included an expert report by Dr. Shannon.  N.T. Resentencing Hearing, 11/13/17, at 88.  Amongst the materials available to Judge Durkin was a report that found Walls was at medium risk of recidivism. *Id.* at 16.  Judge Durkin also addressed each of the factors identified by the Pennsylvania Supreme Court in *Batts II*.[2]  *Id.* at 88-93.

_____

[1] Section 1102.1 of the Sentencing Code provides:

> a) **First degree murder.--**A person who has been convicted after June 24, 2012, of a murder of the first degree, first degree murder of an unborn child or murder of a law enforcement officer of the first degree and who was under the age of 18 at the time of the commission of the offense shall be sentenced as follows:
>
> > (1) A person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 35 years to life.

18 Pa.C.S.A. §1102.1(a)(1).

[2] When sentencing a juvenile convicted of first-degree murder,

Judge Durkin noted Walls was 15½ years old at the time of the offense. N.T. Resentencing Hearing, 11/13/17, at 88. She pointed out that Walls was the only shooter, and therefore culpable. *Id.* at 88-89. She found Walls had "not faced his conduct in this matter," and therefore, likely lacked the capacity for change. *Id.* at 89. The court noted that the crime was unprovoked, with no previous ill will between Walls and the victim. *Id.* Walls' participation was extensive, as he was the shooter. *Id.* The court considered Walls' family and neighborhood environment, noting that Walls' family is educated and industrious, with many male role models. *Id.* at 89-90. The court recognized that the neighborhood in which Walls grew up was bad, and considered Walls' alcohol history, which started at 13. *Id.* at 90-91. As Walls' mother was a police officer and he possessed an average IQ, Judge Durkin found Walls capable of dealing with the police. *Id.* at 91. She found no history of mental health issues and that Walls should have been able to assist his attorney. *Id.* Judge Durkin was aware of Walls' refusal to take responsibility for the crime

---

at a minimum [the court] should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

*Batts II*, 163 A.3d at 421 n.5 (citing *Commonwealth v. Batts*, 66 A.3d 286, 297 (Pa. 2013) (*Batts I*)).

- 8 -

and his issues with authority figures. *See id.* at 32-33. In the end, she found his potential for rehabilitation poor because he lacked remorse and failed to take responsibility. *Id.* at 91. The judge came to this determination even after Walls' counsel argued the existence of mitigating circumstances. *Id.* at 82-84.

In light of the record evidence, we cannot conclude that the sentencing court failed to consider Walls' mitigating circumstances or rehabilitative needs.

Walls' second argument claims that his aggregate sentence does not provide a real opportunity for parole because he will not be eligible for parole until he is 56½ years old. A court may not impose a sentence on a juvenile that does not provide a "meaningful opportunity to obtain release." *Commonwealth v. Bebout*, 186 A.3d 462, 467 (Pa. Super. 2018) (quoting *Graham v. Florida*, 560 U.S. 48, 75 (2010)). If a sentence does not provide a meaningful opportunity to obtain release, it is a de facto life sentence and will trigger the protections of *Miller*. *Foust*, 180 A.3d at 438.

In determining whether a sentence is a de facto life sentence, "it must at least be *plausible* that one could survive to the minimum release date with some consequential likelihood that a non-trivial amount of time at liberty awaits." *Bebout*, 186 A.3d at 468 (emphasis in original). Walls cites three studies that state incarcerated individuals have a shorter life expectancy than

the general public.[3]  Appellant's Brief, at 40.  However, even though the life expectancy cited in those studies is lower than what Walls' age will be at his minimum sentence date, it is certainly plausible that Walls will survive for many years past that age.  Accordingly, Walls has not demonstrated that his sentence amounts to a de facto life sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/25/2019

---

[3] These studies were mentioned for the first time in Walls' appellate brief and never brought to the sentencing court's attention.