**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ISSA ABDUSS-SALAAM | : | |
| | : | |
| Appellant | : | No. 1449 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 16, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000546-2020

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: October 7, 2022**

Issa Abduss-Salaam (Abduss-Salaam) appeals the judgment of sentence entered by the Court of Common Pleas of Allegheny County (trial court) challenging the discretionary aspects of his sentence. In 2021, Abduss-Salaam pleaded guilty to a number of offenses arising from an incident of domestic violence which turned into a shootout with the police. He was sentenced to an aggregate prison term of 15-30 years. In this appeal, Abduss-Salaam contends that the trial court abused its discretion by imposing a manifestly excessive and unreasonable sentence in light of his mitigation evidence. We affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

**I.**

In 2019, Abduss-Salaam got into a violent domestic dispute with his then-girlfriend (C.N.) and slapped her in the face. The incident escalated when Abduss-Salaam armed himself with a handgun, at which point C.N.'s daughter (age 16) called 911. The 911 operator soon overheard Abduss-Salaam threaten to use deadly force against the police if they intervened. Rather than stand down, Abduss-Salaam gathered ammunition and blocked C.N., her daughter and her son (age 5) from leaving the residence. Abduss-Salaam then discharged his weapon twice, shooting at a wall, and pointed the weapon at C.N. threatening to kill her.

Two police officers arrived at the residence minutes later and ordered Abduss-Salaam to drop the firearm he was still holding. Abduss-Salaam instead opened fire on the officers, striking only their patrol vehicle. The officers returned fire, striking Abduss-Salaam several times and seriously injuring him. The officers gave Abduss-Salaam medical attention until first responders arrived and transported him to the hospital.

In 2020, after he had recovered from his wounds, Abduss-Salaam entered into an open guilty plea to two counts of attempted homicide (18 Pa.C.S. § 903(a)); two counts of attempted aggravated assault (18 Pa.C.S. § 2702(a)(2)); two counts of endangering the welfare of children (18 Pa.C.S. § 4304(a)(1)); one count of terroristic threats (18 Pa.C.S. § 2706(a)(1)); one count of unlawful restraint (18 Pa.C.S. § 2902(a)); one count of simple assault

(18 Pa.C.S. § 2701(a)(1)); and five counts of recklessly endangering another person (18 Pa.C.S. § 2705).

Prior to sentencing, a pre-sentence report was ordered and reviewed by the trial court, as was a defense mitigation report and a sentencing memorandum prepared by the Commonwealth. At the sentencing hearing, the trial court announced on the record that it had thoroughly reviewed these materials and considered their contents. *See* Sentencing Hearing Transcript, 7/16/2021, at pp. 3-4.

Six witnesses were called by the defense to testify at the sentencing hearing as evidence in support of a mitigated sentence. These witnesses included a social worker, family and friends. They testified at length as to the typically peaceful character of Abduss-Salaam, his personal history, military service, and mental health struggles arising from that experience.

At the conclusion of the testimony, Abduss-Salaam was sentenced to the following prison terms: 6 to 12 years as to each count of attempted homicide; 2.5 to 5 years as to each count of attempted aggravated assault; 1 to 2 years as to each count of child endangerment; 6 to 12 months as to the single count of unlawful restraint, and 6 to 12 months as to the single count of simple assault.

All the sentences were set to run consecutively except for the two counts of attempted aggravated assault, which were made concurrent with one count of attempted homicide. No sentence was imposed as to the one count of

terroristic threats and the five counts of reckless endangerment. Thus, the aggregate prison term totaled 15 to 30 years.

Abduss-Salaam filed a post-sentence motion claiming that the sentence should be reduced in light of the mitigation evidence he presented at sentencing. The lower court summarily denied the motion on November 4, 2021, and a timely appeal was filed. In his brief, Abduss-Salaam now raises one issue for our consideration:

> Was the aggregate sentence of imprisonment imposed upon [Abduss-Salaam] (15-to-30 years) manifestly excessive given the totality of the circumstances of this case, requiring vacation of that sentence and a remand for resentencing pursuant to 42 Pa.C.S. § 9781(c)(2)?

Appellant's Brief, at 5.

## II.

Abduss-Salaam argues in this appeal that the trial court abused its discretion at sentencing by failing to consider mitigation evidence and imposing a manifestly excessive sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014); ***see generally*** 42 Pa.C.S. § 9781(b). Before the merits of such a claim may be considered, an appellant must first satisfy a four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of

appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

Rule 2119(f) requires the appellant to "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). The concise statement must specify "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000). The statement must also specify "what fundamental norm the sentence violates and the manner in which it violates that norm." *Id.* If these requirements are met, then this Court may determine whether a substantial question has been raised. *See id.*

Here, Abduss-Salaam timely filed a post-sentence motion, as well as a timely notice of appeal. His brief includes a concise statement of reasons relied upon in accordance with Rule 2119(f). However, the issue Abduss-Salaam raised in his post-sentence motion did not preserve for appeal an issue presenting a substantial question as to the discretionary aspect of his sentence.

"This Court has held that a claim the trial court focused solely on the nature of the offense, without considering the protection of the public or the rehabilitative needs of the appellant, as is required by 42 Pa.C.S. § 9721(b),

- 5 -

presents a substantial question." ***Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa. Super. 2013); ***Commonwealth v. Perry,*** 883 A.2d 599, 602 (Pa. Super. 2005). A substantial question is similarly raised when the claim of excessiveness includes the averment that the sentence is so manifestly excessive as to constitute too severe a punishment under the circumstances of the case. ***See Commonwealth v. Mouzon***, 828 A.2d 1126, 1128 (Pa. Super. 2003). Conversely, a substantial question is *not* raised where it is claimed that the trial court "failed to consider" or "did not adequately consider" various sentencing factors, as this would amount to a request for the reviewing court to substitute its judgment for that of the trial court. ***See Commonwealth v. Williams***, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*); ***Commonwealth v. Griffin***, 804 A.2d 1, 9 (Pa. Super. 2002) (same).

The Commonwealth has argued in its answer brief that Abduss-Salaam failed to preserve for appeal a substantial question because he had only contended in his post-sentence motion that the trial court did not give due weight to his evidence of mitigation – a claim which differs from the central argument in his brief and Rule 2119(f) statement that the sentence is manifestly excessive and unreasonable in light of all the evidence of mitigation he had presented to the trial court. ***See*** Answer Brief, at 7-12.

The content of Abduss-Salaam's post-sentence motion demonstrates the merit of the Commonwealth's contention. Abduss-Salaam did not claim in the post-sentence motion, as he does now on appeal, that the sentence is

"excessive" or "unreasonable." He instead asked for a reduction in the sentence based on "proper weight" being assigned to the mitigation evidence:

> Undersigned Counsel argues that the overall length of the sentence does not give proper weight to Issa's aptitude for rehabilitation and successful reintegration into society, nor does it fully consider how little chance there is of further danger to the public. Issa would therefore request only a modification to the length of the sentences imposed by the Court.

Post-Sentence Motion, at para. 9.

Accordingly, the substantial question Abduss-Salaam now raises is waived because it was not preserved for appeal. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) ("Although we find that this argument raises a substantial question . . . his issue is waived for not being preserved in his post-sentence motion or at sentencing."); *see also Commonwealth v. Kittrell*, 19 A.3d 532, 538 (Pa. Super. 2011) (absent an issue being raised in a post-sentence motion or presenting a claim during sentencing proceedings, "an objection to a discretionary aspect of a sentence is waived.").

## III.

Even if Abduss-Salaam had preserved an issue raising a substantial question, we would find that the claim is belied by the record. In his brief, he argued that the trial court abused its discretion by imposing a manifestly excessive and unreasonable sentence in light of his mitigation evidence.

Sentencing is a matter vested in the sound discretion of the sentencing court. *See Commonwealth v. Delmonico*, 251 A.3d 829, 837 (Pa. Super.

2021). The standard of review involving discretionary aspects of a sentence is a manifest abuse of discretion. *See Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa. Super. 2005). A trial court abuses its discretion in this context by ignoring or misapplying the law, exercising its judgment for reasons of partiality, prejudice, bias or ill will, or arriving at a manifestly unreasonable decision. *See id.*

"In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference. *Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003). This discretion extends to the choice to run sentences concurrently or consecutively. *See Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011).

When reviewing challenges to the discretionary aspects of a sentence, an appellate court may vacate the sentence and remand for a resentencing only where the record shows that:

> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S. § 9781(c).

Abduss-Salaam's central contention on appeal is that while his sentence was within the statutory sentencing guidelines, the sentence was manifestly excessive and unreasonable because the trial court ignored that Abduss-Salaam was a first-time offender; no one was seriously injured by his violent behavior except for himself; he is a combat veteran who suffers from post-traumatic stress disorder; he has expressed remorse; and he has only just recently begun to receive treatment that will likely reduce future incidents of violent outbursts. *See* Appellant's Brief, at 36-42.

The record establishes, however, that the trial court took all of the mitigating evidence into account when imposing sentence. Significantly, the trial court had the benefit of a pre-sentence report, and "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). While a sentencing court must state, on the record, its reasons for imposing a sentence, that requirement can be satisfied "by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors." *Id.* (citation omitted).

The trial court in this case not only indicated that it had reviewed the pre-sentence report, it also specifically referenced the defense's mitigation report and discussed the testimony of the witnesses prior to imposing the sentence. The trial court further stressed that the sentence reflected both the rehabilitative needs of Abduss-Salaam and the seriousness of the offenses:

> [H]aving given this serious consideration, and after reading through things multiple times, I will impose the following sentence which the Court believes takes into account not only your rehabilitative needs, but also the seriousness of this offense and the impact that this offense has had on the victims in this case, the community at large, the need for protection of the public, and also takes into account all of the other things that were not only contained in the presentence report, but also contained in the statements of your family, your friends, your counsel.

Sentencing Hearing Transcript, 7/16/2021, at pp. 40-41.

Thus, due to the waiver of Abduss-Salaam's appellate claim, as well as the lack of record evidence to rebut the presumption that the trial court acted within its discretion at the sentencing, the judgment of sentence must stand.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/07/2022

- 10 -