J-S30019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
MILASHIA L. POWELL   :
  :
Appellant   :   No. 2968 EDA 2022

Appeal from the Judgment of Sentence Entered September 8, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006065-2019

BEFORE: BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, J.:        **FILED OCTOBER 25, 2023**

Milashia L. Powell appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following her convictions, in a non-jury trial, of voluntary manslaughter,[1] possessing an instrument of crime (PIC),[2] and tampering with evidence.[3] Upon review, we affirm.

On July 11, 2019, Powell entered the apartment of her on-again-off-again partner, Jeremy Gunn. Powell and Gunn began their relationship in 2013 and, in 2016, they had a child together. Powell gained entry to the apartment, located at 950 East Woodlawn Street in Philadelphia, via a window. Gunn was not home at the time, but returned home a short time later with the couple's young son. Upon Gunn's return, an argument ensued regarding

_____

[1] 18 Pa.C.S.A. § 2503.

[2] 18 Pa.C.S.A. § 907.

[3] 18 Pa.C.S.A. § 4910.

why Powell was present in the apartment. The argument turned physical, and, eventually, Powell grabbed a knife from a table outside of Gunn's bedroom. Powell stabbed Gunn twice, once in the chest and once in the face. Gunn ran out of the apartment and told Powell to call 911. Powell did not call 911 but, instead, followed Gunn out of the apartment before returning to the apartment for their son.

After a neighbor called 911, police responded to the scene and found Gunn face down on the sidewalk. Gunn was unresponsive and appeared to be going in and out of consciousness. The responding officers placed Gunn in their patrol car and drove him to Albert Einstein Medical Center. Gunn was pronounced dead later that day.

When police arrived at the scene, Powell was no longer in the apartment, but she was quickly located down the street with the couple's son. Police observed blood on Powell's chest, arms, hands, and feet. Police took the child from Powell, placed Powell in handcuffs, and put her in their patrol vehicle.

At the crime scene, police followed a blood trail from the sidewalk where Gunn was found to Gunn's second floor apartment. Police discovered the home in disarray and with traces of blood throughout it. In addition, police found the knife used to stab Gunn in an alleyway across the street from the apartment.

Initially, Powell told police that she was not injured, that Gunn had not been physical with her, that another woman had stabbed Gunn, and that she had not been involved in the stabbing. However, at trial, Powell testified that,

in fact, Gunn had been physical with her, that no other woman had been involved in the incident, and that she had been the one who stabbed Gunn.

Following a three-day trial, the Honorable Diana L. Anhalt found Powell guilty of the above-stated offenses. The trial court ordered a pre-sentence investigation report (PSI) and mental health evaluation prior to sentencing. On September 8, 2022, the court sentenced Powell to four to ten years' imprisonment for voluntary manslaughter, and a concurrent term of one to two years' imprisonment for PIC. No further penalty was imposed for the tampering charge. Powell was also ordered to pay restitution in the form of funeral costs.

On September 19, 2022,[4] Powell filed a post-sentence motion arguing, *inter alia*, that her sentence for the manslaughter conviction was excessive and unreasonable and that the trial court failed to consider mitigating factors and impose an individualized sentence. The trial court denied the motion on September 21, 2022. Powell filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Powell raises the following issue for our review:

> Did not the sentencing court violate the requirements of 42 Pa.C.S.[A.] § 9721(b) of the Sentencing Code[,] which states that

---

[4] The 10th day to file a timely post-sentence motion was September 18, 2022, a Sunday, and accordingly, Powell had until September 19, 2022, to file a timely post-sentence motion. *See* 1 Pa.C.S.A. § 1908 ("[w]henever the last day of any such time period shall fall on a Saturday or Sunday . . . such day shall be omitted from the computation."); Pa.R.Cim.P. 720(A)(1) (requiring "written post-sentence motion shall be filed no later than 10 days after imposition of sentence").

the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant, as the lower court seemed to exclusively focus on [Powell's] criminal conduct rather than her rehabilitative needs, mitigating circumstances[,] or mental health status?

Appellant's Brief, at 4.

Powell's claim represents a challenge to the discretionary aspects of her sentence. Such a claim is not appealable as of right; rather, a defendant's appeal is considered a petition for permission to appeal. *Commonwealth v. Williams*, 562 A.2d 1385, 1386-87 (Pa. Super. 1989) (en banc). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by: (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify sentence; (3) including in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) raising a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). *See also* Pa.R.A.P. 902, 903; Pa.R.Crim.P. 720. The existence of a substantial question must be determined on a case-by-case basis. *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995).

Here, Powell filed a post-sentence motion for reconsideration of sentence, followed by a timely notice of appeal. Additionally, Powell has included in her brief a statement of reasons for allowance of appeal from discretionary aspects of sentence, pursuant to Rule 2119(f). *See* Appellant's

Brief, at 11-14. Therefore, we must now determine whether Powell has raised a substantial question for review.

In her Rule 2119(f) statement, Powell asserts that the "lower court's aggregate sentence of 4–10 years['] incarceration violates many norms of the Sentencing Code, and is unreasonable." *Id.* at 11. More specifically, Powell states that the trial court's sentence fails to consider Powell's "rehabilitative needs and is disproportionate to the circumstances when adjudged as a whole." *Id.* at 13.

This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.[5] *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014), citing *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005). Accordingly, we will consider the merits of Powell's claim.

Our standard of review of the discretionary aspects of a sentence is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

[5] We note that this Court has held that a singular claim that the trial court failed to consider mitigating circumstances does not raise a substantial question for review. *See Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013).

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Pursuant to the Pennsylvania Sentencing Code, an appellate court must vacate a sentence if the trial court erroneously applied the Sentencing Guidelines, if the circumstances of the case would cause the application of the guidelines to be clearly unreasonable, or if the court sentenced outside the guidelines in an unreasonable manner. *See* 42 Pa.C.S.A. § 9781(c). In reviewing the record on appeal from a discretionary aspect of sentence claim, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

*Id.* at § 9781(d).

Instantly, Powell was sentenced to 48 to 120 months' imprisonment for manslaughter. Given the applicable offense gravity score and Powell's prior record score, a standard-range sentence is a minimum of 36 months to 54 months, plus or minus 12 months for an aggravated or mitigated sentence, respectively. *See* 204 Pa. Code § 303.16. Thus, Powell's sentence was within the standard-range of the Sentencing Guidelines. *See* 204 Pa. Code § 303.9(e).

At the sentencing hearing, Judge Anhalt had access to a PSI, mental health report, and mitigation report. When a sentencing court has the benefit

of a PSI, we "presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." *Commonwealth v. Seagraves*, 103 A.3d 839, 842 (Pa. Super. 2014). *See also Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). Here, a review of the sentencing transcript reveals that the trial court heard argument concerning Powell's mitigating circumstances, history of mental illness, lack of a prior record, and history of domestic violence with the victim, Gunn. *See* N.T. Sentencing Hearing, 9/8/22, at 15-20. Moreover, before issuing her sentence, Judge Anhalt stated the following additional considerations: the relationship between Powell and Gunn, including Powell's reasonable fear at the time of the incident, Powell's history of mental health issues, and Powell's need for mental health treatment. *Id.* at 38-39. However, the trial court also considered the significant impact and trauma that the stabbing had on the couple's son, who was present when Powell fatally wounded Gunn. Further, the court considered that Powell would remain a danger without mental health treatment, that such treatment could not be done within the community, that Powell did not accept responsibility, and that Powell did not show remorse for her actions. *Id.* at 39.

In light of the foregoing, we cannot conclude that the sentence is clearly unreasonable or that the sentencing court failed to consider Powell's mitigating circumstances. Accordingly, we find no abuse of discretion. *See Shugars*, 895 A.2d at 1275.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>October 25, 2023</u>