J-A01001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRY JAMES JACKSON | : | |
| | : | |
| Appellant | : | No. 87 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 6, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005024-2021

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, P.J.:             **FILED MAY 7, 2024**

Henry James Jackson appeals from the judgment of sentence,[1] entered in the Court of Common Pleas of Delaware County, after the court, following a stipulated non-jury trial, found him guilty of one count each of driving under the influence (DUI)—general impairment[2] and DUI—highest rate of alcohol.[3] After careful review, we affirm.

On August 17, 2021, at approximately 1:30 a.m., Brookhaven Borough Police Officer Ryan Eastman was on duty in his marked patrol vehicle in the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Jackson purports to appeal from the November 28, 2022 order denying his post-sentence motion. However, the appeal properly lies from the judgment of sentence. **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (en banc).

[2] 75 Pa.C.S.A. § 3802(a)(1).

[3] **Id.** at § 3802(c).

area of Bridgewater Road and observed a car driving towards him "at an unusual[ly] slow speed[.]" N.T. Suppression Hearing, 6/1/22, at 5. Officer Eastman turned his patrol vehicle around and followed the car for approximately one mile, during which he observed "the high beams to be activated and deactivated within seconds of each other[, the car] touch[] the left double yellow line three times[,] and then [] swerve over and touch the right white solid line right after touching the double yellow line." *Id.* at 5-6. Officer Eastman testified that the combination of those actions, the time of night, the proximity of the car's location to a bar, and his professional experience indicated to him that the driver was under the influence of alcohol or a controlled substance. *Id.* at 6.

Officer Eastman activated his lights and sirens and initiated a traffic stop of the car driven by Jackson. *Id.* Jackson had bloodshot and glassy eyes and Eastman "could smell the odor of alcoholic beverage emanating from his vehicle." *Id.* at 7. Jackson agreed to submit to field sobriety tests (FST), exited his car, and Officer Subers administered several FSTs, including the one leg stand. *Id.* at 7, 13-14. During the one leg stand, the officers stopped the test because "[Jackson] put his foot down three times, which is deemed unsafe to continue." *Id.* at 7. After officers observed several indicators that Jackson was under the influence, the officers arrested him and transported him for a blood draw. *Id.* at 8. The results of the blood draw indicated Jackson had a blood alcohol concentration (BAC) of .248. *Id.* at 9. Subsequently, Jackson was charged with the above-stated offenses.

The trial court set forth the relevant procedural history as follows:

[Jackson] filed a motion to suppress on March 10, 2022. A hearing was held on that motion on June 1, 2022[,] wherein the Commonwealth presented the testimony of [Officer Eastman] and [Jackson] testified on his own behalf. Prior to [Jackson's] testimony at the suppression [hearing], there was discussion between defense counsel, the assistant district attorney, and the court, informing [Jackson] that his testimony at the suppression hearing could not be used at the trial, unless he were to testify. (N.T. [Suppression Hearing], 6/1/22, [at] 17)[.] Following the hearing, [the trial] court denied suppression. The matter was listed for a status hearing on July 26, 2022. At that hearing, exhibits were submitted for a stipulated bench trial. (**See** record generally, [Exhibits] C[]1-C3; D1-D2, dated 7/26/22)[.] Thereafter, [Jackson] was found guilty and sentenced on September 6, 2022[,] to 96 hours to 6 months [of] incarceration.

[Jackson] filed a motion for extraordinary relief and/or reconsideration of sentence on September 16, 2022[,] seeking to raise issues of ineffective assistance of counsel[,] as well as issues regarding the length of the sentence imposed. The [trial court] denied the motion on November 29, 2023.

Trial Court Opinion, 3/3/23, at 1-2 (unnecessary capitalization omitted).

Jackson filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Jackson raises the following issues for our review:

1. [Was trial counsel ineffective for failing] to cross-examine the Commonwealth's sole witness on fundamental inconsistencies in his testimony [between the preliminary hearing and suppression hearing]?

2. [Was trial counsel ineffective when he] incorrectly advised his client that his testimony at the suppression hearing could not and would not be used against him at trial?

3. Did the trial court abuse its discretion by sentencing [Jackson] to 96 hours' incarceration without any argument or reasoning, thereby denying [Jackson] his right to allocution?

- 3 -

Appellant's Brief, at 4.

Regarding Jackson's first two claims on appeal, we recognize that, generally, "a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002). However, the Pennsylvania Supreme Court has recognized limited exceptions when ineffectiveness claims may be reviewed on direct appeal. *See generally Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013). The *Holmes* Court identified two exceptions:

> First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and **we hold that trial courts retain their discretion to entertain such claims**.
>
> Second, with respect to other cases and claims . . . where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek [Post Conviction Relief Act (PCRA)] review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.

*Id.* at 563-64 (internal citations and footnotes omitted) (emphasis added).

Instantly, an incomplete record[4] prevents us from determining whether extraordinary circumstances exist, and, in any event, such claims are entertained at the discretion of the trial court. **See Holmes**, 79 A.3d at 563. Jackson does not argue that the second exception applies, **see** Appellant's Brief at 9-14, nor does our review of the record suggest that Jackson expressly waived his entitlement to seek PCRA review, despite his short sentence. **See Holmes**, 79 A.3d at 564 (requiring express waiver of PCRA review). Thus, we are unable to review Jackson's claims of ineffective assistance of trial counsel on direct appeal and must dismiss them, without prejudice, for Jackson to raise them in a timely PCRA petition. **See Commonwealth v. Watson**, 2024 PA Super 15, at *10 (Pa. Super. filed Jan. 29, 2024) (since 2002, "Pennsylvania law has been clear . . . that ineffective assistance of

_____

[4] The certified record does not contain a transcript from the July 26, 2022 status hearing wherein the parties agreed to and submitted exhibits for a stipulated non-jury trial. Moreover, upon an informal inquiry, our Prothonotary was informed that no transcript had been filed, as counsel failed to submit a request for the transcript. As such, the clerk of courts did not have a transcript from the status hearing that could be made a part of the certified record and forwarded to this Court.

We also note that no there are no written stipulations in the certified record. Best practice suggests written stipulations, accompanied by a signed waiver of any right to trial granted under the Constitution and the rules of our courts, be submitted to the court. **See** Pa. Jud. Conduct Bd. R.P. 502(D). In its opinion, the trial court stated, "exhibits were submitted for a stipulated bench trial. (**See** record generally, C[]1-C3; D1-D2, dated 7/26/22)[.]" Trial Court Opinion, 3/3/23, at 1. However, the "Exhibits" filed with this Court include several marked C1, none marked C2, several marked D1, and each with differing dates. As such, we cannot be certain which exhibits were submitted to the court.

counsel claims **must be deferred to PCRA review**" unless narrow exceptions to general rule are met) (emphasis original).[5]

Jackson's third claim purports to challenge the discretionary aspects of his sentence. Jackson contends that the trial court failed to provide him an opportunity to exercise his right to allocution prior to sentencing and, further, that the court failed to place its reasons for imposing its sentence on the record at the time of sentencing, and that both issues raise substantial questions invoking our discretionary review. **See** Appellant's Brief, at 5. Jackson's claim, however, raises two distinct issues, which we address separately.

First, while Jackson characterizes the former claim as a challenge to the discretionary aspects of his sentence, failure to grant a defendant the right of allocution constitutes a waivable **legal error**. **See Commonwealth v. Jacobs**, 900 A.2d 368 (Pa. Super. 2006) (en banc). Jackson failed to raise this claim with the trial court, either at the sentencing hearing or in his post-sentence motion. **See Jacobs**, 900 A.2d at 376-77 (holding "a denial of the right of allocution does not create a non-waivable challenge to the legality of the sentence[]"); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Therefore, the issue is waived.

---

[5] Non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value, pursuant to Pa.R.A.P. 126(b).

Second, Jackson claims that the court failed to place its reasons for imposing sentence on the record at the time of sentencing. It is well-established that a challenge to the discretionary aspects of sentencing is not appealable as of right; rather, a defendant's appeal is considered a petition for permission to appeal. *Commonwealth v. Williams*, 562 A.2d 1385, 1386-87 (Pa. Super. 1989) (en banc). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by: (1) filing a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) including in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) raising a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). The existence of a substantial question must be determined on a case-by-case basis. *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995).

In this case, Jackson failed to properly preserve the issue in his post-sentence motion, and therefore his claim is waived. It is well established that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. *See* Pa.R.Crim.P. 720; *see also Commonwealth v. Mann*,

820 A.2d 788, 794 (Pa. Super. 2003) (challenges to discretionary aspects of sentencing must be raised during sentencing or in post-sentence motions).[6]

Judgment of sentence affirmed. Ineffective assistance of counsel claims raised herein are dismissed without prejudice for Jackson to raise them in a timely filed PCRA petition, along with any other claims for post-conviction relief, should he so choose. Jurisdiction relinquished.

_____

[6] Jackson's post-sentence motion included the following claim:

> Finally, petitioner asks this court to reconsider its sentence of 96 hours' incarceration. Instead, petitioner respectfully requests that this court impose only the mandatory minimum sentence for driving under the influence—highest tier. This reduction in sentence would be appropriate for several reasons: 1) petitioner was cooperative with police throughout the incident; 2) there was no accident or injury; 3) he voluntarily consented to a blood draw; and 4) he has no prior criminal history.

**See** Motion for Extraordinary Relief and/or Reconsideration of Sentence, 9/16/22, at ¶ 7 (unnecessary capitalization omitted). At the post-sentence hearing, Jackson did not argue the above claim—that the court failed to consider any mitigating factors—or any other discretionary aspect of sentencing claim. **See** N.T. Post-Sentence Hearing, 9/29/22, at 10. Jackson now alleges, for the first time, that the court failed to place its reasons for imposing sentence on the record at the time of sentencing. **See** Appellant's Brief, at 4; **see also** Statement of Matters Complained of on Appeal, 1/13/23, at ¶ 3. As such, Jackson did not give the sentencing court an opportunity to reconsider or modify his sentence on this basis and his claim is waived. **See Mann**, 820 A.2d at 794; see also **Commonwealth v. Reeves**, 778 A.2d 691, 692-93 (Pa. Super. 2001) (appellant must raise specific claim "regarding the sentencing court's alleged failure" to give sentencing court "an opportunity to reconsider or modify [the] sentence").

- 8 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>5/7/2024</u>