J-A03012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW KINEG | : | |
| | : | |
| Appellant | : | No. 1534 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 22, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001096-2021

BEFORE: KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED FEBRUARY 22, 2023**

Appellant Matthew Kineg appeals from the judgment of sentence[1] entered by the Court of Monroe County after Appellant was convicted of numerous charges related to the dissemination, solicitation, and possession of child pornography. Appellant challenges the discretionary aspects of his sentence. We affirm.

In May 2021, Appellant was charged with one count of dissemination of child pornography,[2] five counts of criminal solicitation – child pornography,[3]

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant purports to appeal from the May 5, 2022 order denying his post-sentence motion. However, the appeal is properly taken from the judgment of sentence entered on April 22, 2022. **See Commonwealth v. Chamberlain**, 658 A.2d 395, 397 (Pa.Super. 1995) (noting "the order denying post-sentence motions acts to finalize the judgment of sentence for purposes of appeal. Thus, the appeal is taken from the judgment of sentence, not the order denying post-sentence motions"). We have amended the caption accordingly.

[2] 18 Pa.C.S.A. § 6312(c) (second-degree felony).

[3] 18 Pa.C.S.A. § 902(a) (second-degree felony).

159 counts of possession of child pornography,[4] and one count of criminal use of a communication facility.[5]

At the time Appellant was charged with the instant offenses, he was on parole for his 2018 conviction for possession of child pornography in which he was ordered to have no internet access. Notes of Testimony, 4/22/22, Sentencing, at 7-8. Appellant acquired the instant charges within two months of his release from his previous period of incarceration. *Id*.

On February 15, 2022, Appellant pled guilty to dissemination of child pornography, five counts of criminal solicitation – child pornography, possession of child pornography, and criminal use of a communication facility.

The trial court deferred sentencing for the preparation of a pre-sentence investigation (PSI) report. There were additional evaluations attached to the PSI report, including the sexual offender assessment which indicated Appellant was not a sexually violent predator. The PSI report included a forensic counseling risk assessment report which determined that Appellant exhibited a moderate risk of reoffending. Further, the PSI report included two psychiatric reports that concluded that Appellant has a low intellect, citing to school records that reported Appellant's IQ score as 56.

On April 22, 2022, after a sentencing hearing, the trial court imposed four consecutive sentences: two to four years' imprisonment for dissemination of child pornography, three to six years' imprisonment on two of the

---

[4] 18 Pa.C.S.A. § 6312(d) (second-degree felony).
[5] 18 Pa.C.S.A. § 7512(a) (third-degree felony).

convictions for solicitation of child pornography, and two to four years' imprisonment on the third solicitation conviction. The trial court imposed concurrent sentences for the remaining convictions. Therefore, Appellant received an aggregate sentence of ten to twenty years' imprisonment.

On May 2, 2022, Appellant filed a post-sentence motion, which the trial court denied on May 6, 2022. Appellant filed a timely appeal on June 3, 2022 and subsequently complied with the trial court's direction to submit a concise statement of errors complained of an appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issue for our review on appeal:

> Was [Appellant's] sentence unreasonable, manifestly excessive, and grossly disproportionate to the circumstances of the case when [Appellant] had a minimal criminal record, mild mental retardation and Post Traumatic Stress Disorder resulting from his victimization in the jail?

Appellant's Brief, at 6.

Appellant's sole issue in his appellate brief challenges the trial court's discretion in imposing his sentence without adequately considering certain mitigating factors. In reviewing such claims, we are mindful that:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and emphasis omitted).

It is well-established that in order "[t]o preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa.Super. 2006) (citations omitted). Moreover, "a post-sentence motion only preserves challenges to the discretionary aspects of sentencing that are specifically included in the post-sentence motion." *Commonwealth v. Williams*, 198 A.3d 1181, 1186–87 (Pa.Super. 2018) (citation omitted) (finding the appellant waived his claim that the trial court acted vindictively in imposing consecutive sentences as the appellant did not preserve this issue at sentencing or in a post-sentence motion).

As noted above, Appellant filed a timely post-sentence motion and notice of appeal. However, our review of the record shows that Appellant's post-sentence motion merely states that Appellant "feels the sentence is excessive." Post-sentence motion, 5/2/22, at 1. Beyond this allegation, Appellant's post sentence motion did not explain why he believed his sentence was excessive. As such, the trial court entered an order denying Appellant's post-sentence motion without any further discussion. Order, 5/5/22, at 1.

Moreover, our review of the sentencing hearing transcript shows that neither Appellant nor his counsel argued on the record that the trial court

- 4 -

failed to adequately consider mitigating factors in imposing the sentence or challenged the sentence in any way.

Thus, Appellant's specific argument that the trial court did not adequately consider certain mitigating factors is waived by Appellant's failure to properly preserve this particular claim at sentencing or in a post-sentence motion. **See Malovich**, **supra**; **Williams**, **supra**; Pa.R.A.P. 302(a). As a result, we find the sole argument Appellant preserved for review before the trial court was his claim that his sentence was excessive.

We proceed to determine whether Appellant has raised a substantial question to meet the fourth requirement of the four-part test outlined above. In doing so, we note that:

> [w]hen appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting **Commonwealth v. Williams**, 386 Pa.Super. 322, 562 A.2d 1385, 1387 (1989) (*en banc*) (emphasis in original)).

**Commonwealth v. Watson**, 228 A.3d 928, 935 (Pa.Super. 2020).

Our Court must evaluate on a case-to-case basis on whether a sentencing claim raises a substantial question for review. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id***. (citations omitted).

In the instant case, Appellant baldly asserts that his sentence is excessive. Our Supreme Court has recognized that an appellant may assert a claim that his sentence is excessive even when the trial court imposes a sentence within the statutory limits. ***Mouzon***, 812 A.2d at 625. However, the Supreme Court clarified that "[t]his does not mean … that the Superior Court must accept bald allegations of excessiveness." ***Id***. at 627. Rather, the Supreme Court reiterated that it is

> only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

***Id***.

In merely alleging that his sentence is excessive, Appellant failed to specify which provision of the Sentencing Code was violated, or which aspect of his standard-range sentence was contrary to the fundamental norms underlying the sentencing scheme. Accordingly, we conclude that Appellant

has failed to raise a substantial question and we decline to review his claim further.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023